UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELL LOVE and
SHEIKESS M. LOVE BEY I,

      Plaintiffs,

v.

JACK CAMPBELL et al.,

      Defendants.
_____/

Case No. 2:24-cv-10556

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING WITHOUT PREJUDICE THREE MOTIONS FOR LACK OF PERSONAL JURISDICTION, DENYING LEAVE TO PROCEED WITHOUT PREPAYING, DIRECTING PLAINTIFFS TO CORRECT *IN FORMA PAUPERIS* DEFICIENCIES, AND DIRECTING SERVICE OF PROCESS**

Plaintiffs bring claims against six Defendants for alleged fraud and conspiracy. But, despite their filings for injunctive relief, summary judgment, and a hearing on jurisdiction, Plaintiffs have failed to perfect service of process on any Defendants. This omission precludes this Court from assuming personal jurisdiction. For this reason, and for the inconsistencies in their application to proceed *in forma pauperis*, Plaintiffs' motions will be denied without prejudice, Plaintiffs will be denied leave to proceed without prepaying, they will be directed to correct their prepayment deficiencies, and they will be directed to perfect service of process.

I.

Plaintiffs Michell Love and Sheikess M. Love Bey I filed a complaint here on March 5, 2024, against six defendants. They allege "fraud" under 18 U.S.C. § 1001 and "conspiracy" under 18 U.S.C. § 371. *See* ECF No. 1. Yet, to date, they have not managed to serve Defendants with process but have filed motions to freeze and to garnish Defendants' bank accounts, ECF No. 7, for summary judgment, ECF No. 9, and to hold a hearing to establish this Court's personal jurisdiction over Defendants, ECF No. 8.

II.

Federal courts are courts of limited powers, among which is the power to assert jurisdiction over only defendants brought before the court in accordance with the dictates of due process. *See Lu v. SAP Am., Inc.*, 2022 WL 13983546, at *3 (6th Cir. Oct. 24, 2022) (citing *Canaday v. Anthem Cos.*, 9 F.4th 392, 395 (6th Cir. 2021)). This includes the basic requirement that defendants be properly served. Plaintiffs have not met that requirement here. *Id.* Thus, this Court is powerless to act on Defendants' four motions. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[I]n the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999))). Therefore, all four motions will be denied.

Further, Plaintiffs' motion for a hearing to identify Defendants misunderstands basic procedural principles. Lack of personal jurisdiction, as an affirmative defense, must be raised by the defendant. *King v. Taylor*, 694 F.3d 650, 658 (6th Cir. 2012) ("A defendant is 'required at some point to raise the issue by motion for the court's determination.'" (quoting *Burton v. N. Dutchess Hosp.*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985))); *see also Gerber v. Riordan*, 649 F.3d 514, 522 (6th Cir. 2011) (Moore, J., concurring) ("Such an inquiry is easy in most cases. One can look at the defendant's answer or pre-answer motion; either personal jurisdiction is raised or it isn't.").

Plaintiffs' lack of information to establish jurisdiction over each Defendant—though perhaps frustrating to them—does not amend the Federal Rules. The proper mechanism for Plaintiffs to acquire the needed information would be the issuance of a subpoena under Civil Rule 45(b). *See* FED. R. CIV. P. 45(b) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies."); *see also* https://www.mied.uscourts.gov/PDFFIles/SubpoenaProduceDocs_PDF.pdf (providing a blank subpoena).

And Plaintiffs have filed inconsistent applications to proceed without prepaying in at least two cases. On March 5, 2024, they said that they receive $1,304.00 monthly for unemployment and that they have no assets. ECF No. 2 at PageID.35–36. By contrast, four months earlier, they said that they received no income from anywhere and owned a 2011 GMC Yukon. *See Love v. Mich. Prop. Res.*, No. 2:23-CV-12944 (E.D. Mich. Nov. 20, 2023), ECF No. 2 at PageID.10–11. So Plaintiffs apparently chose not to disclose employment income in a prior case and owned a vehicle that they did not disclose in this case. And they listed inconsistent expenses and different "foster" children for whom Plaintiffs claim to be legal guardians. Yet guardians in Michigan generally receive related compensation, missing from both applications. *See* MICH. DEP'T OF HEALTH & HUM. SERVS., GDM 720, CHILDREN GUARDIANSHIP MANUAL (Apr. 1, 2022), https://dhhs.michigan.gov/OLMWEB/EX/GD/Public/GDM/720.pdf [https://perma.cc/3K6A-PRBC] ("After a child is determined eligible for guardianship assistance, a guardianship assistance payment rate is determined."); MICH. DEP'T OF HEALTH & HUM. SERVS., CHILDREN'S FOM 905-3, FOSTER CARE MANUAL (Jan. 1, 2024), https://dhhs.michigan.gov/OLMWEB/EX/FO/Public/FOM/905-3.pdf?web=1 [https://perma.cc/3CJD-JEYP].

Such discrepancies beckon skepticism and suggest a pattern that may well justify revoking the privilege to proceed *in forma pauperis*. *Groulx v. Zawadski*, 635 F. Supp. 3d 574, 578–79 (E.D. Mich. 2022) (first citing *LeVay v. Morken*, 590 F. Supp. 3d 1037, 1048 (E.D. Mich. 2022); and then citing Mary Van Vort, Note, *Controlling and Deterring Frivolous in Forma Pauperis Complaints*, 55 FORDHAM L. REV. 1165 (1987)). So Plaintiffs' application to proceed without prepaying will also be denied. ECF No. 2.

Because Plaintiffs have not yet paid to file their complaint, they will be "directed to correct the deficiency in their *in forma pauperis* applications." *Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich.), *recons. denied*, 655 F. Supp. 3d 636 (E.D. Mich. 2023).

Finally, Plaintiffs must perfect service of process **by June 3, 2024**. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); ECF No. 1 (filed on Mar. 5, 2023); *see also* E.D. Mich. LR 41.2. If Plaintiffs fail to do so, then the case will be dismissed under Civil Rules 4(m) and 41(b).[1]

---

[1] "To avoid dismissal, Plaintiff must [demonstrate] good cause for failing to serve process . . . ." *Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465, 467 (E.D. Mich. 2023) (citing *Friedman v. Est. of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

## III.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Hearing on Personal Jurisdiction, ECF No. 8, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiffs' Motion to Freeze and to Garnish Bank Accounts, ECF No. 7, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiffs' Motion for Summary Judgment, ECF No. 9, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiffs' Application to Proceed without Prepaying, ECF No. 2, is **DENIED**.

Further, it is **ORDERED** that, **on or before May 13, 2024**, Plaintiffs are **DIRECTED** to submit either the $350.00 filing fee and $52.00 administrative fee (i.e., $402.00) or supplemental briefing and exhibits that sufficiently demonstrate their inability to pay under 28 U.S.C. § 1915. If Plaintiffs fail to file the required documents or to pay the filing fee and the administrative fee, then this Court must presume that they are proceeding without prepayment, assess the whole fee, and dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). Any case dismissed under these circumstances will not be reinstated even if the fee is later paid. *Id.*

Further, it is **ORDERED** that the Clerk's Office is **DIRECTED** to issue three summonses to Plaintiffs for service on each Defendant.

- 7 -

Further, it is **ORDERED** that Plaintiffs are **DIRECTED** to serve a complaint and summons upon Defendants **on or before June 3, 2024**, in full compliance with Civil Rule 4 and Michigan Court Rule 2.105. After Plaintiffs have perfected service of the complaint and summonses upon Defendants, Plaintiffs must prove it by filing with this Court a signed U.S. Postal Service Certified Mail receipt—green card (PS Form 3811). If Plaintiffs fail any of these obligations, the above-captioned case will be dismissed without prejudice under Civil Rules 4(m) and 41(b).

**This order does not close the above-captioned case**.

Dated: 5/7/2024

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge