UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELL LOVE and
SHEIKESS M. LOVE BEY I,

               Plaintiffs,                      Case No. 2:24-cv-10556

v.                                     Honorable Susan K. DeClercq
                                     United States District Judge

JACK CAMPBELL et al.,

               Defendants.

_____/

**OPINION AND ORDER DISMISSING *IN FORMA PAUPERIS*
COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(A) FOR FAILURE TO
CORRECT DEFICIENCIES**

This matter returns to this Court because Plaintiffs did not comply with this Court's instructions. On May 7, 2024, this Court issued an order that denied Plaintiffs' motions due to lack of personal jurisdiction, denied their application to proceed *in forma pauperis*, and directed them to correct deficiencies in their filings. Plaintiffs were given until May 13, 2024, either to pay the $402.00 in fees or to submit sufficient documentation demonstrating their inability to pay under 28 U.S.C. § 1915. They have done neither, so their case will be dismissed.

## I. BACKGROUND

Plaintiffs Michell Love and Sheikess M. Love Bey I initiated this lawsuit on March 5, 2024, alleging claims of fraud and conspiracy against six defendants. ECF

No. 1. Concurrent with their complaint, they applied to proceed without prepaying the fees. ECF No. 2. However, their application's inconsistencies cast doubt on the truthfulness of their financial representations, so this Court denied their application and directed them to fix the deficiencies by either paying the necessary fees or providing adequate documentation of their inability to pay. *Love v. Campbell*, No. 2:24-CV-10556, 2024 WL 2036123 (E.D. Mich. May 7, 2024).

Plaintiffs filed two affidavits: one addressing their ability to pay, ECF No. 12, the other explaining that they never received the summonses that this Court directed the Clerk's Office to issue, ECF No. 11.[1] Plaintiffs have also filed a motion to change venue to a different judge in this Court. ECF No. 13.[2]

## II. STANDARD OF REVIEW

The statute governing this issue, 28 U.S.C. § 1914(a), requires the payment of a filing fee to commence a civil lawsuit. Plaintiffs did not pay the required fees, nor did they provide sufficient evidence to support their claim of indigence. As detailed in this Court's previous order, the inconsistencies in their financial disclosures were significant and required clarification. *Love*, 2024 WL 2036123, at *2. The failure to

---

[1] Plaintiffs correctly explained that the Clerk's Office failed to provide the summonses as directed. ECF No. 11. While this Court acknowledges that clerical issue, it is ultimately moot due to Plaintiffs' failure to pay the required filing fees or to demonstrate sufficiently an inability to do so.

[2] Plaintiffs' motion to change venue is also moot due to their failure to prosecute. *Mathis v. Comm'r of Soc. Sec.*, No. 3:20-CV-02621, 2021 WL 9772770, at *2 (N.D. Ohio Mar. 12, 2021).

address these issues raised questions about the legitimacy of their financial assertions. "Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue." *Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision).

### III. ANALYSIS

Plaintiffs complied with this Court's directive to submit supplemental briefing with respect to their financial status. ECF No. 12. Notably, they clarified a misunderstanding—albeit nonprejudicial—that Plaintiffs use of the word "Foster" was a reference to the surname of three children rather than the children's status as foster children. *Id.* But that clarification does not resolve all the discrepancies.

Despite Plaintiffs' compliance, their supplemental information reveals that they receive monthly income of approximately $1,209 while incurring monthly expenses of approximately $550. *See* ECF Nos. 2; 12. This difference leaves a discretionary income of approximately $659 per month, which means they can pay $402 to file the case. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 334 (1948) (holding that the affidavit of poverty must demonstrate that the applications are "unable to pay or give security for the costs . . . and still be able to provide [them] and [their] dependents with the necessities of life").

Even so, those representations seem doubtful, as their alleged income and guardianship of three children would qualify them for approximately $973 of

monthly      SNAP      benefits      they      have      not      alleged.      *See* https://www.snapscreener.com/screener/michigan      (filtering      by      four-person household with $1209 monthly income and $550 monthly expenses). Moreover, they are inconsistently representing in their other pending lawsuit that they receive $1,383 monthly in Social Security benefits while paying $1,400 in monthly expenses. *Love v. Mich. Prop. Res.*, No. 2:23-CV-12944 (E.D. Mich. filed May 30, 204), ECF No. 39 at PageID.626–27. Plaintiffs' failure to clarify these additional inconsistencies or their prior inconsistencies with more than a month to do so, *see* ECF No. 10 at PageID.59–60, demonstrates a pattern that justifies denying *in forma pauperis* status, *Groulx v. Zawadski*, 635 F. Supp. 3d 574, 578–79 (E.D. Mich. 2022) (citations omitted).

Simply put, Plaintiffs can pay to file this case but chose not to do so. Plaintiffs' failure to comply with this Court's directive to correct the deficiencies in their *in forma pauperis* application requires dismissal under the statute's mandatory text. *See* 28 U.S.C. § 1915(e)(2)(A).

## IV. POSTDISMISSAL IMPLICATIONS

"If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket"—even if the plaintiff attempts to pay the filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); *Redd*, 215 F.3d 1327

(holding that *McGore* applies to cases dismissed "under § 1915(e)(2)(A)"); *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (same "where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199; *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for cases dismissed under 28 U.S.C. § 1915(b)).

Lastly, Plaintiffs may not appeal *in forma pauperis*, because an appeal from this order would be frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## V. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1 is **DISMISSED**.

Further, it is **ORDERED** that Plaintiffs' Motion to Change Venue, ECF No. 13, is **DENIED AS MOOT**.

Further, it is **ORDERED** that the above-captioned case is **PROHIBITED** from being reinstated to the district court's active docket—even if Plaintiffs pay the filing fees.

Further, it is **ORDERED** that Plaintiffs are **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  6/14/2024

- 5 -